1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
5                paul@markmerin.com
6
     Attorneys for Plaintiff
7    JOHN FISHER

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11  JOHN FISHER,                              Case No.

12                    Plaintiff,             **COMPLAINT FOR VIOLATION OF**
                                             **CIVIL AND CONSTITUTIONAL RIGHTS**
13  vs.
                                             **DEMAND FOR JURY TRIAL**
14  COUNTY OF PLACER, PLACER COUNTY
    SHERIFF'S OFFICE, and DOE 1 to 10,
15
                    Defendants.
16

17

18                        **INTRODUCTION**

19       This action arises from the false arrest of JOHN FISHER by officers employed by the COUNTY

20  OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

21                     **JURISDICTION & VENUE**

22       1.      This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise

23  under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address

24  deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S.

25  Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

26       2.      Venue is proper in the United State District Court for the Eastern District of California

27  pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

28  because many of the acts and/or omissions described herein occurred in the Eastern District of California.

                                    1

3.     Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Placer, California.

### EXHAUSTION

4.     On August 16, 2022, JOHN FISHER submitted a government claim to the COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action. (Claim No. CNDA2200110.)

5.     The COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE failed or refused to act on the claim within 45 days after the claim was presented. *See* Cal. Gov. Code § 912.4(c).

### PARTIES

6.     Plaintiff JOHN FISHER is a resident of the State of California, County of Sacramento.

7.     Defendant COUNTY OF PLACER is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Placer.

8.     Defendant PLACER COUNTY SHERIFF'S OFFICE is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Placer.

9.     Defendants DOE 1 to 10 are and/or were Defendants COUNTY OF PLACER and/or PLACER COUNTY SHERIFF'S OFFICE's agents or employees, acting within the scope of that agency or employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

### GENERAL ALLEGATIONS

10.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

11.     On April 18, 2022, Plaintiff JOHN FISHER was at his work site.

12.     Police officers from the Rocklin Police Department arrived at Plaintiff JOHN FISHER's his work site, in response to a 9-1-1 call.

13.     The officers contacted Defendants DOE 1 to 10, who were law enforcement officers employed by Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE.

2

14.     Defendants DOE 1 to 10's ran a wants/warrants check using Plaintiff JOHN FISHER's information.

15.     Defendants DOE 1 to 10 concluded that there was an outstanding warrant for Plaintiff JOHN FISHER's arrest.

16.     There was no warrant for Plaintiff JOHN FISHER. Plaintiff JOHN FISHER was not on probation or parole. Plaintiff JOHN FISHER's record consisted only of a years-old misdemeanor conviction.

17.     Defendants DOE 1 to 10 instructed the officers present at Plaintiff JOHN FISHER's work site to arrest him and transport him to jail for booking.

18.     Plaintiff JOHN FISHER was arrested.

19.     Plaintiff JOHN FISHER was booked into Defendant PLACER COUNTY SHERIFF'S OFFICE's custody at the Santucci Justice Center in Roseville, California.

20.     Plaintiff JOHN FISHER where he was held in quarantine for 10 days at the Santucci Justice Center.

21.     Plaintiff JOHN FISHER was transported to the Placer County Jail in Auburn, California.

22.     Plaintiff JOHN FISHER made three court appearances while in custody.

23.     Eventually, the Placer County District Attorney's Office acknowledged that there was "no paperwork" on Plaintiff JOHN FISHER's case.

24.     On May 5, 2022, Plaintiff JOHN FISHER was released from custody.

25.     Plaintiff JOHN FISHER was harmed by the unlawful arrest and incarceration. For example, Plaintiff JOHN FISHER lost time and wages from work. Plaintiff JOHN FISHER was unable to make payment on his storage unit and, while he was in custody, a lien was put on his possessions in the unit and they were sold. Plaintiff JOHN FISHER experienced severe anxiety and depression while in custody.

26.     Plaintiff JOHN FISHER was not subject to an accusatory pleading charging him with an offense by the district attorney within 25 days of his arrest and release. *See* Cal. Pen. Code § 853.6(e)(3).

27.     Defendant PLACER COUNTY SHERIFF'S OFFICE failed to issue Plaintiff JOHN FISHER a detention certificate, as required by Cal. Pen. Code §§ 849.5, 851.6.

3

**FIRST CLAIM**

**Unreasonable Search**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

28.     Plaintiff JOHN FISHER asserts this Claim against Defendants DOE 1 to 10.

29.     The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

30.     Defendants DOE 1 to 10 conducted a records search for wants or warrants for Plaintiff JOHN FISHER, without reasonable grounds to be suspicious that there might be any outstanding want or warrant, in violation of rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution.

31.     Defendants DOE 1 to 10's actions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

32.     Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

**SECOND CLAIM**

**False Arrest**

**(U.S. Const. Amend. IV; 42 U.S.C. § 1983)**

33.     Plaintiff JOHN FISHER asserts this Claim against Defendants DOE 1 to 10.

34.     The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

35.     Defendants DOE 1 to 10 falsely arrested Plaintiff JOHN FISHER, without a warrant and without probable cause, in violation of rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution.

36.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

37.     Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE

4

1 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

## THIRD CLAIM

### Unreasonable Search

### (Cal. Const. Art. I § 13)

38.     Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

39.     The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

40.     Defendants DOE 1 to 10 conducted a records search for wants or warrants for Plaintiff JOHN FISHER, without reasonable grounds to be suspicious that there might be any outstanding want or warrant, in violation of rights protected by Article 1, Section 13 of the California Constitution.

41.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

42.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

43.     Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions entitling him to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

## FOURTH CLAIM

### False Arrest

### (Cal. Const. Art. I § 13)

44.     Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER,

5

1  PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

2      45.    The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the

3  extent relevant, as if fully set forth in this Claim.

4      46.    Defendants DOE 1 to 10 falsely arrested Plaintiff JOHN FISHER, without a warrant and

5  without probable cause, in violation of rights protected by Article 1, Section 13 of the California

6  Constitution.

7      47.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are

8  vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §

9  815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

10 scope of their employment, including Defendants DOE 1 to 10.

11     48.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

12 malice resulting in great harm.

13     49.    Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE

14 1 to 10's actions and inactions entitling him to receive compensatory damages against Defendants

15 COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive

16 damages against Defendants DOE 1 to 10.

17     WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

18 **FIFTH CLAIM**

19 **Failure to Discharge Mandatory Duty**

20 **(Cal. Gov. Code § 815.6)**

21     50.    Plaintiff JOHN FISHER asserts this Claim against Defendant PLACER COUNTY

22 SHERIFF'S OFFICE.

23     51.    The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the

24 extent relevant, as if fully set forth in this Claim.

25     52.    Defendant PLACER COUNTY SHERIFF'S OFFICE failed to discharge its mandatory

26 duties imposed by Cal. Pen. Code §§ 849.5, 851.6, where Plaintiff JOHN FISHER was arrested and

27 released and no accusatory pleading was filed charging him with an offense within 25 days, and

28 Defendant PLACER COUNTY SHERIFF'S OFFICE failed: (1) to deem Plaintiff JOHN FISHER's

6

arrest a detention only; (2) to issue Plaintiff JOHN FISHER a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff JOHN FISHER's arrest from the arrest records of Defendant PLACER COUNTY SHERIFF'S OFFICE and the Bureau of Criminal Identification and Investigation of the Department of Justice.

53.     Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendant PLACER COUNTY SHERIFF'S OFFICE's actions and inactions entitling him to receive compensatory damages and equitable (declaratory and injunctive relief) against Defendant PLACER COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

## SIXTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

54.     Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

55.     The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

Unreasonable Search

56.     Defendants DOE 1 to 10 conducted a records search for wants or warrants for Plaintiff JOHN FISHER, without reasonable grounds to be suspicious that there might be any outstanding want or warrant, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 13 of the California Constitution.

False Arrest

57.     Defendants DOE 1 to 10 falsely arrested Plaintiff JOHN FISHER, without a warrant and without probable cause, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 13 of the California Constitution.

\ \ \

7

<u>Failure to Discharge Mandatory Duty</u>

58.　　Defendant PLACER COUNTY SHERIFF'S OFFICE failed to discharge its mandatory duties imposed by Cal. Pen. Code §§ 849.5, 851.6, where Plaintiff JOHN FISHER was arrested and released and no accusatory pleading was filed charging him with an offense within 25 days, and Defendant PLACER COUNTY SHERIFF'S OFFICE failed: (1) to deem Plaintiff JOHN FISHER's arrest a detention only; (2) to issue Plaintiff JOHN FISHER a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff JOHN FISHER's arrest from the arrest records of Defendant PLACER COUNTY SHERIFF'S OFFICE and the Bureau of Criminal Identification and Investigation of the Department of Justice, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by Cal. Pen. Code §§ 849.5, 851.6 and Cal. Gov. Code § 815.6.

Common Allegations

59.　　Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

60.　　Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

61.　　Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants PLACER COUNTY SHERIFF'S OFFICE and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

**SEVENTH CLAIM**

**False Arrest / Imprisonment**

62.　　Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

63.　　The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the

8

extent relevant, as if fully set forth in this Claim.

64.     Defendants DOE 1 to 10 falsely arrested / imprisoned Plaintiff JOHN FISHER, without a warrant and without probable cause.

65.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

66.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

67.     Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

## EIGHTH CLAIM

### Intentional Infliction of Emotional Distress

68.     Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

69.     The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent relevant, as if fully set forth in this Claim.

70.     Defendants DOE 1 to 10 engaged in outrageous conduct against Plaintiff JOHN FISHER which caused severe emotional distress, including: (a) unreasonable records searches; and (b) false arrest / imprisonment.

71.     Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

72.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

9

1  malice resulting in great harm.

2       73.    Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE

3  1 to 10's actions and inactions, entitling him to receive compensatory damages against COUNTY OF

4  PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against

5  Defendants DOE 1 to 10.

6       WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

7  **NINTH CLAIM**

8  **Negligence**

9       74.    Plaintiff JOHN FISHER asserts this Claim against Defendants COUNTY OF PLACER,

10  PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10.

11       The allegations of the preceding paragraphs 1 to 27 are realleged and incorporated, to the extent

12  relevant, as if fully set forth in this Claim.

13       75.    Defendants DOE 1 to 10 owed Plaintiff JOHN FISHER a duty of care and negligently

14  breached that duty, including by engaging in: (a) unreasonable records searches; and (b) false arrest /

15  imprisonment.

16       76.    Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE are

17  vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §

18  815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

19  scope of their employment, including Defendants DOE 1 to 10.

20       77.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

21  malice resulting in great harm.

22       78.    Plaintiff JOHN FISHER was injured as a direct and proximate result of Defendants DOE

23  1 to 10's actions and inactions, entitling him to receive compensatory damages against COUNTY OF

24  PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10; and punitive damages against

25  Defendants DOE 1 to 10.

26       WHEREFORE, Plaintiff JOHN FISHER prays for relief as hereunder appears.

27  \ \ \

28  \ \ \

10

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOHN FISHER seeks Judgment as follows:

1.      For an award of compensatory, general, special, and/or nominal damages against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, in excess of $1,000,000, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF PLACER, PLACER COUNTY SHERIFF'S OFFICE, and DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants COUNTY OF PLACER and PLACER COUNTY SHERIFF'S OFFICE, pursuant to Cal. Civ. Code § 818);

4.      For an award of injunctive relief and/or a declaratory relief against Defendant PLACER COUNTY SHERIFF'S OFFICE, which adjudicates Plaintiff JOHN FISHER's entitlement to a detention certificate Cal. Pen. Code §§ 849.5, 851.6 and compels Defendant PLACER COUNTY SHERIFF'S OFFICE: (1) to deem Plaintiff JOHN FISHER's arrest a detention only; (2) to issue Plaintiff JOHN FISHER a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff JOHN FISHER's arrest from the arrest records of Defendant PLACER COUNTY SHERIFF'S OFFICE and the Bureau of Criminal Identification and Investigation of the Department of Justice;

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

\ \ \

\ \ \

\ \ \

\ \ \

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Fisher v. County of Placer*, United States District Court, Eastern District of California, Case No. _____

6.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: January 4, 2023                                    Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
JOHN FISHER

12

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff JOHN FISHER.

Dated: January 4, 2023                        Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

     Attorneys for Plaintiff
     JOHN FISHER

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Fisher v. County of Placer*, United States District Court, Eastern District of California, Case No. _____